AO 245B (Rev. 6/05 - Judgment in a Criminal Case

# United States District Court
## Northern District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>v.<br>TIFFANY VU | **JUDGMENT IN A CRIMINAL CASE**<br><br>USDC Case Number: CR-08-00401-005 JF<br>BOP Case Number: DCAN508CR000401-005<br>USM Number: 10921-111<br>Defendant's Attorney : Thomas Nolan |

## THE DEFENDANT:

[x]   pleaded guilty to count(s): <u>One, Two, Seventeen, and Thirty-Five of the Indictment</u>.
[ ]   pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ]   was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Offense<br>Ended | Count |
|---|---|---|---|
| 18 U.S.C. §371 | Conspiracy to Commit Interstate Transportation of Stolen Property | June 4, 2008 | One |
| 18 U.S.C. §1956 (h) | Conspiracy to Commit Money Laundering | May 14, 2008 | Two |
| 31 U.S.C. §5324(a)(3) | Structuring Financial Transactions | December 6, 2007 | Seventeen |
| 18 U.S.C. §2314 | Interstate Transportation of Stolen Property | April 11, 2008 | Thirty-Five |

The defendant is sentenced as provided in pages 2 through _7_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has been found not guilty on count(s) ___.

[x]   Count(s) <u>remaining</u> are dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.



August 18, 2011
_____
Date of Imposition of Judgment

_____
Signature of Judicial Officer

Honorable Jeremy Fogel, U. S. District Judge
_____
Name & Title of Judicial Officer

September 7, 2011
_____
Date

AO 245B (Rev. 12/03) (CAND Rev. 3/07) Judgment in a Criminal Case Sheet 2 - Imprisonment

DEFENDANT:        TIFFANY VU                                          Judgment - Page 2 of 7
CASE NUMBER:      CR-08-00401-005 JF

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of _30 months_.
This term consists of 30 months on each of Counts 1, 2, 17 and 35, all such terms to be served concurrently with each other.

[x]    The Court makes the following recommendations to the Bureau of Prisons:

The court recommends that the defendant be allowed to communicate with her husband, inmate Glenn Lengsavath, who is a co-defendant in this case and to be housed in a female camp facility.

[ ]    The defendant is remanded to the custody of the United States Marshal. The appearance bond is hereby exonerated.

[ ]    The defendant shall surrender to the United States Marshal for this district.

       [ ] at ___ [] am [] pm on ___.
       [ ] as notified by the United States Marshal.

       The appearance bond shall be deemed exonerated upon the surrender of the defendant.

[x]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons or to the United States Marshal:

       [x] before2:00 PM 2:00 pm on_November 18, 2011_.
       [ ] as notified by the United States Marshal.
       [ ] as notified by the Probation or Pretrial Services Office.

       The appearance bond shall be deemed exonerated upon the surrender of the defendant.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

       Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.

                                                      _____
                                                      UNITED STATES MARSHAL

                                              By _____
                                                      Deputy United States Marshal

AO 245B (Rev. 12/03) Judgment in a Criminal Case Sheet 3 - Supervised Release

DEFENDANT:      TIFFANY VU                                    Judgment - Page 3 of 7
CASE NUMBER:    CR-08-00401-005 JF

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 Years .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

[x]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)
[x]     The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check if applicable.)
[x]     The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)
[ ]     The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)
[ ]     The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions in this judgment.

## STANDARD CONDITIONS

1)  The defendant shall not leave the judicial district without permission of the court or probation officer;
2)  The defendant shall report to the probation officer, and shall submit a truthful and complete written report within the first five days of each month;
3)  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)  The defendant shall support his or her dependants and meet other family responsibilities;
5)  The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)  The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03) Judgment in a Criminal Case Sheet 3 - Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | TIFFANY VU | Judgment - Page 4 of 7 |
| CASE NUMBER: | CR-08-00401-005 JF | |

## SPECIAL CONDITIONS OF SUPERVISION

1.   The defendant shall pay any restitution, fine, and special assessment that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release.

2.   The defendant shall provide the probation officer with access to any financial information, including tax returns, and shall authorize the probation officer to conduct credit checks and obtain copies of income tax returns.

3.   The defendant shall not maintain a position of fiduciary capacity without the prior permission of the probation officer.

4.   The defendant shall timely and accurately file all future income tax returns required by law during the term of supervision, unless an extension of time is granted by the IRS.

5.   The defendant shall consent to be monitored by the form of location monitoring indicated below and shall abide by all of the requirements established by the probation office related to the use of this location monitoring technology for a period of 6 months.  The participant shall pay all or part of the cost of participation in the location monitoring program, based on their ability to pay as directed by the probation officer.

Location monitoring technology at the discretion of the probation officer

6.   The defendant is restricted to her residence everyday as directed by the probation officer, for a period of 12 months.

7.   The defendant shall perform 500 hours of community service as directed by the probation officer.

8.   The defendant shall not have contact with codefendants in this case, namely Truc Quoc Le, Thuy Dang, Leo Le Nguyen, Thanh Le, Tien Le, Johanna Rodriguez, Carmen Sarmiento, Manual Gutierrez, and Juan Espinoza.

9.   The defendant shall not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons.

10.  The defendant shall cooperate in the collection of DNA as directed by the probation officer.

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

DEFENDANT:     TIFFANY VU                                                        Judgment - Page 5 of 7
CASE NUMBER:   CR-08-00401-005 JF

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 400.00 | | |

[x]  The determination of restitution is deferred until  September 22, 2011 .  An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ]  The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Totals: | $ _ | $ _ | |

[ ]  Restitution amount ordered pursuant to plea agreement $ _

[ ]  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6, may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ]  The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

[ ]  the interest requirement is waived for the     [ ] fine    [ ] restitution.

[ ]  the interest requirement for the     [ ] fine    [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

DEFENDANT:     TIFFANY VU                                    Judgment - Page 6 of 7
CASE NUMBER:   CR-08-00401-005 JF

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A   [x ] Lump sum payment of $400.00 special assessment due immediately.

    [ ]   not later than ____, or

    [ ]   in accordance with ( ) C, ( ) D, ( ) E, ( ) F ( ) G or ( ) H below; or

B   [ ]   Payment to begin immediately (may be combined with ( ) C,  ( ) D, or ( ) F below); or

C   [ ]   Payment in equal      (e.g. weekly, monthly, quarterly) installments of $ over a period of __ (e.g., months or years), to commence _  (e.g., 30 or 60 days) after the date of this judgment; or

D   [ ]   Payment in equal      (e.g. weekly, monthly, quarterly) installments of $ over a period of __ (e.g., months or years), to commence _  (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   [ ]   Payment during the term of supervised release will commence within (e,g, 30 or 60 days) after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   [ ]   Special instructions regarding the payment of criminal monetary penalties:


G.   [x ] In Custody special instructions:

    Payment of criminal monetary penalties is due during imprisonment at the rate of not less than $25.00 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102.

H.   [ ]   Out of Custody special instructions:

    It is further ordered that the defendant shall pay to the United States a special assessment of $ and a fine of $ which shall be due immediately. If incarcerated, payment of criminal monetary payment is due during imprisonment and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

DEFENDANT:      TIFFANY VU                                          Judgment - Page 7 of 7
CASE NUMBER:    CR-08-00401-005 JF

[x ]    The defendant shall forfeit the defendant's interest in the following property to the United States:

1. Money Judgment: a sum of money equal to $5,596,641, representing the gross proceeds obtained as a result of the offense during the period of involvement, against which will be credited any actual amounts obtained by the government as a result of the forfeiture and sale of defendant's interest in the items listed in subparagraphs (2) through (7).

2. Vehicles:
    A.  A 2004 Mercedes Benz SL 500 roadster, California License Plate Number 5HRU143, VIN WDBSK75F24F0801481, registered to Ha V. Vu (Tiffany Ha Vu); and
    B.  A. 2007 Dodge Sprinter Van, California License Plate Number 8M44351, VIN WDOPE845375200153, registered to Glenn Lengsavath.

3. Currency: Any currency seized from the defendant's home during the execution of search warrants at 167 Knightshaven Way, San Jose, California, on June 4, 2008.

4. Jewelry: Any precious gemstones, precious metals, and jewelry seized on June 4, 2008, from 167 Knightshaven Way, San Jose, California, except that she does not agree to forfeit any items for which ownership can be established during 2006 or earlier.

5. OTC/HB Property: OTC/HB merchandise seized by law enforcement on June 4, 2008, from 167 Knightshaven Way, San Jose, California, as well as from the 2007 Dodge sprinter van referred to in subparagraph (2)(b).

6. Bank Accounts: All United States currency funds or other monetary instruments from the following account seized by the United States on or about June 4, 2008, or credited to that account during the three-day period covered by the Seizure Warrant dated June 2, 2008.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.